UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAIL WILSON,

    Petitioner,  Civil No. 5:05-CV-60219
                                              HONORABLE JOHN CORBETT O'MEARA
v.                                                  UNITED STATES DISTRICT JUDGE

CLARICE STOVALL,

    Respondent,
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Gail Wilson, ("petitioner"), presently confined at the Scott Correctional Facility in Plymouth, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her *pro se* application, petitioner challenges her conviction for second-degree murder, M.C.L.A. 750.317; felony-firearm, M.C.L.A. 750.227b; and being a fourth felony habitual offender, M.C.L.A. 769.12. For the reasons stated below, petitioner's application for writ of habeas corpus is **DENIED.**

## I. Background

Petitioner was convicted of the above offenses following a jury trial, in which she was tried jointly with her son and co-defendant Deandre Wilson. This Court recites verbatim the relevant facts regarding petitioner's conviction from the Michigan Court of Appeals' opinion affirming her conviction, which are presumed correct on habeas review. *See Long v. Stovall,* 450 F. Supp. 2d 746, 749 (E.D. Mich. 2006):

    On July 5, 2000, Edward Burton drove Cornelius Terry Moore to the home of

1

defendant and her boyfriend, Fred Jones. When Burton and Moore arrived at the house, Burton stopped the car on the street at the side of the house and sounded the car horn to summon Jones. Defendant's son and codefendant, Deandre L. Wilson, emerged from behind the house, appearing agitated and yelling profanities at Burton for blowing the horn in front of his mother's house. Burton and Deandre argued, and Deandre walked up to the driver's side of the car and punched Burton in the face. Burton pulled into the driveway of the home, striking defendant's parked vehicle. Deandre picked up a cinderblock and threw it at Burton's front windshield, breaking the glass. When Deandre approached the passenger side door of the car, Moore grabbed him. Deandre told defendant, who was now standing outside the house, to "get the gun." Defendant ran into the house and emerged seconds later with a gun. Moore observed defendant holding the gun outstretched toward Deandre. Burton backed up his car and drove away. Deandre then got into a small red car and drove away in the opposite direction.

After having driven only a few blocks, Moore saw a small red car following them. Burton unsuccessfully attempted to evade the red car and eventually pulled into an alley. Egress from the alley was blocked by a parked van. Moore got out of the car. While Burton was attempting to turn his car around, Deandre entered the alley on foot carrying a gun. Moore ran away, but heard gunshots from the alley. Following the shots, a witness saw Deandre run out of the alley, throw something into the backseat of the red car, and drive away quickly. Soon after, Moore returned to the alley and found Burton in the driver's seat of the car with a fatal bullet wound in his head.

*People v. Wilson,* No. 247131, * 1-2 (Mich.Ct.App. August 17, 2004).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 472 Mich. 894; 695 N.W.2d 76 (2005).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. Petitioner's convictions should be reversed because the trial court abused its discretion in admission of subsequent bad acts of a codefendant in the joint jury trial.
II. Petitioner's convictions should be reversed because the trial court abused its discretion in failing to grant petitioner's request for a separate jury.

2

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## III. Discussion

**A. Claim # 1. The subsequent "bad acts" evidence claim.**

Petitioner first contends that the trial court erred in admitting evidence that her son and co-defendant was involved in a shooting which occurred on Acacia Street in Detroit, Michigan on September 17, 2000, in which three people were injured and a sixteen year old girl was killed. Petitioner contends that the evidence should not have been admitted pursuant to M.R.E. 404(b), because it was irrelevant to her guilt and was highly prejudicial.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F. 3d 542, 552 (6th Cir. 2000); *See also Bridinger v. Berghuis,* 429 F. Supp. 2d 903, 908-09 (E.D. Mich. 2006)(federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process).

Petitioner's claim that the state court violated M.R.E. 404(b) by admitting this evidence is non-cognizable on habeas review. *See Bey v. Bagley,* 500 F 3d 514, 519 (6th Cir. 2007). The admission of this "bad acts" or "other acts" evidence against petitioner at her state trial does not entitle her to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due

process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *Bugh v. Mitchell,* 329 F. 3d 496, 512 (6th Cir. 2003); *Adams v. Smith,* 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003). Likewise, petitioner's claim that this evidence was irrelevant does not raise due process issues of constitutional magnitude or entitle her to habeas corpus relief. *See Oliphant v. Koehler*, 451 F. Supp. 1305, 1308 (W.D. Mich. 1978). Finally, appraisals of the probative and prejudicial value of evidence are entrusted to the sound discretion of a state trial court judge, and a federal court considering a habeas petition must not disturb that appraisal absent an error of constitutional dimensions. *See Dell v. Straub*, 194 F. Supp. 2d 629, 645 (E.D. Mich. 2002). Petitioner is not entitled to habeas relief on her first claim.

**B. Claim # 2. The separate jury claim.**

Petitioner next contends that the trial court abused its discretion in denying her request for a separate jury under M.C.R. 6.121(C), in order to avoid having her jury exposed to the fact that her son had been involved in the subsequent shooting on Acacia Street. The Michigan Court of Appeals rejected this claim, noting that petitioner had conceded that her defenses at trial and the co-defendant's defenses were neither antagonistic or mutually exclusive. *Wilson,* Slip. Op. at * 4. The Michigan Court of Appeals further noted that under Michigan law, "incidental spillover prejudice," from evidence introduced against a co-defendant, is insufficient to require severance. *Id.* Additionally, the Michigan Court of Appeals indicated that the prosecution introduced evidence of the Acacia Street Shooting to prove the co-defendant's identity as Burton's

murderer. Because petitioner's guilt was linked to the co-defendant's guilt, this evidence was admissible against petitioner. *Id.* Finally, the Michigan Court of Appeals noted that the trial court instructed the jury on the proper use of, and the limitations on, the evidence of the Acacia Street shooting and the prosecutor elicted evidence specifically acknowledging that petitioner was not involved in these shootings. The Michigan Court of Appeals concluded that petitioner's substantial rights were not violated when the trial court refused to grant petitioner a separate jury. *Id.* at * 4-5.

A criminal defendant is not entitled to a separate trial merely because he or she might have had a better chance for acquittal in a separate trial. *Zafiro v. United States*, 506 U.S. 534, 540 (1993). A court should grant severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. A habeas petitioner who seeks habeas relief on the basis of a state trial court's failure to sever his or her trial from his or her co-defendant's trial bears a very heavy burden. *Stanford v. Parker,* 266 F. 3d 442, 459 (6th Cir. 2001). Joinder of defendants for trial is the preferred course, which creates a presumption in favor of joinder which must be overcome by the party seeking severance. *See Foster v. Withrow,* 159 F. Supp. 2d 629, 641 (E.D. Mich. 2001).

Indeed, "[U]nder Michigan law, severance is required only when a defendant shows that it is necessary to avoid prejudice to his substantial rights." *Clark v. McLemore,* 291 F. Supp. 2d 535, 545 (E.D. Mich. 2003)(citing M.C.R. 6.121(C)).

"[T]here is no absolute right to a separate trial, and joint trials are strongly favored 'in the interest of justice, judicial economy and administration.'" *Id.* (quoting *People v. Etheridge*, 196 Mich. App. 43, 52; 492 N.W. 2d 490 (1992)). Severance should only be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *People v. Hana*, 447 Mich. 325, 359-60; 524 N.W. 2d 682 (1994)).

The mere fact that there "is a substantial difference in the amount of evidence adduced against each defendant ... is not grounds to overturn a denial of severance unless there is a substantial risk that the jury could not compartmentalize or distinguish between the evidence against each defendant." *See Clark v. O'Dea,* 257 F. 3d 498, 504 (6th Cir. 2001)(*quoting United States v. Lloyd*, 10 F. 3d 1197, 1215 (6th Cir. 1993)). Severance is not required even if some evidence is admissible against some defendants and not others. *See United States v. Warner,* 971 F. 2d 1189, 1196 (6th Cir. 1992). Indeed, in determining whether to grant severance, a trial court must presume that the jury is "capable of sorting out the evidence and considering the cases of each defendant separately." *United States v. Cobleigh,* 75 F. 3d 242, 247 (6th Cir. 1996)(*quoting United States v. Moore*, 917 F. 2d 215, 222 (6th Cir.1990)). Thus, absent a showing of substantial prejudice, the spillover of evidence from one case to another does not require severance of trial from that of a co-defendant. *Moore,* 917 F. 2d at 221.

In the present case, a jury could easily separate the testimony about the Acacia Street shooting from the testimony against petitioner, because the testimony about this

subsequent shooting was not particularly complex. *Clark,* 257 F. 3d at 504. Moreover, none of this evidence directly implicated petitioner in the crimes that she was convicted of. *Id.* at pp. 504-05. Because the Michigan Court of Appeals' decision that petitioner should be tried jointly with the co-defendant was not an unreasonable application of clearly established law, petitioner is not entitled to habeas relief on her second claim. *Id.*

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A district court has the power to deny a certificate of appealability *sua sponte. Allen v. Yukins,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because she has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. The Court will also deny

8

petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen,* 156 F. Supp. 2d at 798.

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*


                                       s/John Corbett O'Meara
                                       United States District Judge

Date: May 5, 2008


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 5, 2008, by electronic and/or ordinary mail.

                                       s/William Barkholz
                                       Case Manager